NICHOLAS A. TRUTANICH
United States Attorney
DANIEL E. CLARKSON
Assistant United States Attorney
501 Las Vegas Blvd South
Las Vegas, Nevada 89101
(702) 388-6336

UNITED STATES DISTRICT COURT

District of Nevada

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | Case No. 2:18-CR-246-RFB-NJK-2 |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | PETITION FOR ACTION |
| ) | | ON CONDITIONS OF |
| JAEMILLAH EAGANS ) | | <u>PRETRIAL RELEASE</u> |
| Defendant ) | | |

Attached hereto and expressly incorporated herein is a Petition for Action on Conditions of Pretrial Release concerning the above-named defendant prepared by <u>Samira A. Barlow</u>, Senior U.S. Pretrial Services Officer. I have reviewed that Petition and believe there is sufficient credible evidence which can be presented to the Court to prove the conduct alleged, and I concur in the recommended action requested of the Court.

Dated this 4rd day of February, 2021.

                                                                  NICHOLAS A. TRUTANICH
                                                                  United States Attorney

                                                                  By   /S/                          .
                                                                      DANIEL E. CLARKSON
                                                                      Assistant U. S. Attorney

PS 8
(Revised 12/04)

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF NEVADA

U.S.A. vs. JAEMILLAH EAGANS                             Docket No 2:18-CR-246-RFB-NJK-2

Petition for Action on Conditions of Pretrial Release

    COMES NOW SAMIRA A. BARLOW, SENIOR U.S. PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant JAEMILLAH EAGANS. The defendant initially appeared on August 7, 2020, before U.S. Magistrate Judge Daniel J. Albregts, and was ordered released on a personal recognizance bond with the following conditions:

1. The defendant shall report to U.S. Pretrial Services for supervision.
2. The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.
3. The defendant shall avoid all contact directly or indirectly with co-defendant(s) unless it is in the presence of counsel.
4. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.
5. The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.
6. The defendant shall pay all or part of the cost of the testing program based upon his/her ability to pay as Pretrial Services or the supervising officer determines.
7. The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
8. The defendant shall not be in the presence of anyone using or possessing a narcotic drug or other controlled substances.
9. The defendant shall reside with her mother, Erin Pope, at 11678 Vancanze Court, Las Vegas 89183

On August 10, 2018, Judge Foley modified the defendant's bond to include the following release condition:

1. Submit to a substance abuse assessment and any recommended treatment as directed by Pretrial Services. The defendant shall pay all or part of the costs of treatment based upon her ability to pay.

On November 15, 2018, U.S. District Jude Richard F. Boulware, II modified the defendant's bond to include the follow release conditions:

1. Defendant shall be required to reside at the residential reentry center for a period of up to six months until such time there is space available at the inptaient treatment facility.
2. Defendant are ordered to report to the residential reentry center imediately, this dat, unless pretrial services is able to confirm that arrangements have been made for your vehicle.
3. Defendant shall undergo within the next two days, an assessment/evaluation for your addiction and potential withdrawal complication.

**Respectfully presenting petition for action of Court and for cause as follows:**

1. On January 10, 2021, the defendant failed to call the drug line.
2. On January 14, 2021, the defendant failed to call the drug line.
3. On January 15, 2021, the defendant failed to report for drug testing.
4. On January 16, 2021, the defendant failed to call the drug line.
5. On January 17, 2021, the defendant failed to call the drug line.
6. On January 19, 2021, the defendant failed to call the drug line.
7. On January 21, 2021, the defendant failed to call the drug line.
8. On January 24, 2021, the defendant failed to report for drug testing.
9. On January 28, 2021, the defendant failed to call the drug line.
10. On February 1, 2021, the defendant failed to call the drug line.

**PRAYING THAT THE COURT WILL ORDER THAT A SUMMONS BE ISSUED BASED UPON THE ALLEGATIONS OUTLINED ABOVE.  FURTHER, THAT A HEARING BE SET TO SHOW CAUSE WHY PRETRIAL RELEASE SHOULD NOT BE REVOKED.**

ORDER OF COURT

Considered and ordered this __4th__ day of February, 2021 and ordered filed and made a part of the records in the above case.

_____
Honorable Richard F. Boulware, Jr.
U.S. District Judge

I declare under penalty of perjury that the information herein is true and correct. Executed on this __4th__ day of February, 2021.

Respectfully Submitted,

_____
Samira Barlow
Senior U.S. Pretrial Services Officer
*RAP*  Place: Las Vegas, Nevada